IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RURAL KING DISTRIBUTION AND MANAGEMENT, INC. and SWANSEA RURAL KING, INC., ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 20-cv-1235-RJD |
| v. ) ) ) | |
| TRAVELERS PROPERTY CASUALTY, INSURANCE COMPANY and CHARTER OAK FIRE INSURANCE COMPANY, ) ) ) | |
| Defendants. | |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Dismiss (Docs. 19 and 20). The motion is unopposed and is GRANTED.

Defendants also filed a Motion for Protective Order to Stay Discovery (Doc. 21), a Motion for Leave to File Supplemental Brief in Support of Motion to Stay Discovery (Doc. 27), and a Motion Requesting Decisions on Defendants' Pending Motions (Doc. 28). In light of the ruling on Defendants' Motion to Dismiss, these motions are DENIED AS MOOT.

### Background

Plaintiffs filed a two-count complaint, alleging that they were named as defendants in a personal injury case filed in the Circuit Court of St. Clair County, Illinois involving a defective dog collar that allegedly resulted in a dog attack in September 2019.[1]  Plaintiffs allege that

---

[1] Plaintiffs filed also filed the instant case in the Circuit Court of St. Clair County, but Defendants removed it to federal court on diversity jurisdiction grounds.

Defendants issued an insurance policy to Scott Pet Products, Inc. that was effective at the time of the alleged dog attack. Plaintiffs attached a copy of the insurance policy to their Complaint. Plaintiffs allege that "Defendants also issued a Certificate of Insurance for such policy showing 'Mid-States Distributing, LLC and its members as Certificate Holders…the Certificate states that Certificate Holder is an additional insured.'"[2] Plaintiffs further allege they are members of Mid-States Distributing, LLC and Defendants therefore owe them duties to defend and indemnify in the personal injury suit.

Defendants denied Plaintiffs coverage, and Plaintiffs' Complaint in this matter alleges a breach of contract claim (Count I) and a claim for attorneys' fees brought pursuant to 215 ILCS 5/155 (Count II). Defendants now move to dismiss, contending that Plaintiffs' Complaint contains no contractual agreement for which Defendants are obligated to defend and indemnify Plaintiffs in the personal injury suit. Defendants further argue that because there is no contractual agreement between Defendants and Plaintiffs, Plaintiffs are not entitled to attorneys fees under 215 ILCS 5/155.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in

---

[2] According to the allegations in the Complaint, the Certificate of Insurance was attached to the Complaint when it was filed in state court. However, Defendants explain that there was no Certificate of Insurance attached to the Complaint that was served upon them. Defendants received a copy of the Certificate of Insurance from Plaintiff's counsel and attached it to their Motion to Dismiss (Doc. 28-2).

his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief.  *See* FED. R. CIV. P. 8(a)(2).  Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In their Motion to Dismiss, Defendants point to a provision in the Certificate of Insurance that states "[t]his Certificate is issued as a matter of information only and confers no rights upon the certificate holder...this certificate of insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder." (Doc. 28-2). Apart from the Certificate of Insurance, Plaintiffs point to no other documentation evidencing their right to coverage by Defendants.   Therefore, Defendants contend, Plaintiffs have not alleged facts to establish they are entitled to coverage and their claims should be dismissed.

Plaintiffs never filed a Response to Defendants' Motion to Dismiss.  Pursuant to Local Rule 7.1(g), Plaintiff's failure to respond to Defendant's Motion to Dismiss may be considered an admission to the merits of the motion.   Moreover, Defendants' arguments in support of the Motion to Dismiss are well-taken.  Plaintiffs cannot rely on a Certificate of Insurance that "expressly confers no rights upon the certificate holder" to establish they are additional insureds under Defendants' policy.  *Sweis v. Travelers Cas. Ins. Co. of America*, 993 F. Supp.2d 881, 882 (N.D. Ill. 2013) (*quoting Westfield Ins. Co. v. FCL Builders, Inc.*, 407 Ill. App.3d 730, 736-37 (1st Dist. 2011)).

Apart from the Certificate of Insurance, Plaintiffs' Complaint contains no basis to support their allegation that they are insureds under Defendants' policy.  Defendants also point to a provision of the insurance policy that states an organization qualifies as an additional insured if

Scott Pet, Inc., agreed in writing that the organization would be an additional insured (Doc. 1-1, p. 142).   Plaintiffs did not attach any such agreement to their Complaint, nor do they reference such an agreement in their allegations.   Thus, Plaintiffs' Complaint does not contain sufficient factual allegations to state a breach of contract claim against Defendants.

As for Count II, Defendants cannot be liable under 215 ILCS 5/155 if there is a *bona fide* dispute regarding coverage.   *Dominick's Finer Foods v. Indiana Ins. Co.*, 2018 IL App (1st) 161864, ¶94.   Because Plaintiffs failed to allege *any* sufficient basis for insurance coverage, Plaintiffs also failed to allege any sufficient basis for recovery under Section 155.   Consequently, Defendants' Motion to Dismiss (Doc. 19) is GRANTED.

More than four months have passed since Defendants' filed their Motion to Dismiss, and Plaintiffs never responded nor requested leave to amend their Complaint.   Accordingly, this matter is DISMISSED WITHOUT PREJUDICE.   Defendants' remaining motions (Docs. 21, 27, and 28) are DENIED AS MOOT. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   May 4, 2021**

> /s/ *Reona J. Daly*
> **Hon. Reona J. Daly**
> **United States Magistrate Judge**